### CAIN v. BLUMBERG et al.
#### Civil Action No. 829.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 30, 1943.

Simon Herold, of Shreveport, La., for plaintiff.

John M. Madison, of Shreveport, La., for defendants.

DAWKINS, District Judge.

Defendant has filed a plea to the jurisdiction based upon the proposition that the petition on its face does not disclose the minimum amount necessary in this court.

The case is one for damages for alleged personal injuries received by plaintiff while a passenger in a bus of the defendant in an amount exceeding the $3,000. It claims permanent injuries as well as loss of some three months of employment, medical bills, etc., and impairment of the earning ability of the plaintiff for the remainder of his life.

Defendant asks in the alternative that the issue raised by the plea for the jurisdiction be tried separately and in advance of the merits. However, it is said that there is little question as to liability, and even in a trial on the merits, the extent of the injuries will be the principal issue of fact. It would appear, therefore, that as much time would be required to try those facts on the motion as would be necessary to try the case on its merits. Yet, if the Court is convinced, after hearing the testimony, that there was no possibility of establishing an amount within the jurisdiction of this Court, it can then dismiss the suit on that ground, without the two hearings that would result if the motion should be overruled in a preliminary trial.

For the reasons assigned the plea for jurisdiction is referred to the merits.